Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Mallam J. Prior, ISB #10938
mprior@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 N 9th St, Ste 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
*iCourt efiling only!:* rlg@rossmanlaw.com

Andrea J. Rosholt, ISB #8895
Andrea@rosholtlaw.com
ROSHOLT LAW, PLLC
210 Murray St., Suite B
Garden City, Idaho 83714
Telephone: (208) 901-5198

Attorneys for Plaintiffs

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHERINE WILSON, individually and on behalf of minor child W.D.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>BOISE SCHOOL DISTRICT and  HILLCREST ELEMENTARY SCHOOL;<br><br>                    Defendants. | Case No. 1:26-cv-137<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff KATHERINE WILSON, individually, and as the natural legal guardian of the Minor Child Plaintiff, W.D., allege the following upon information and belief based upon personal knowledge:

## I.    INTRODUCTION & NATURE OF THE CASE

This action arises from the repeated sexual assault of minor student W.D. by another student in a bathroom located on the campus of Hillcrest Elementary School, a public school within the Boise School District.

Prior to the assault, Defendants were aware of prior reports of sexual assaults in the bathrooms at Hillcrest Elementary School and the potential for sexual assault in the bathrooms at Hillcrest Elementary School and used to provide a bathroom duty, teacher or School Resource Officer (SRO) supervising the bathroom to prevent incidents but chose to stop supervising the restroom.

Prior to the assault, Defendants were also aware of the ongoing bullying, harassment, and aggressive sexualized behaviors by the assailant student, including multiple reports made to school staff and administration. Despite these warnings, Defendants failed to supervise, intervene, or protect minor W.D.

Defendants' failure to provide adequate supervision, enforce restroom safety measures, follow mandatory reporting obligations, and protect students from foreseeable harm resulted in severe physical, psychological, and emotional injury to W.D.

Plaintiffs seek compensatory damages, punitive damages against the individual defendant, attorney fees, declaratory relief, and any further relief deemed just and proper.

## II.  JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 20 U.S.C. § 1681 et seq. (Title IX), and 42 U.S.C. § 1983.

2.      The Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as all events occurred in Ada County, Idaho.

## III.  PARTIES

4.      Plaintiff Katherine Wilson (hereinafter "Plaintiff" or "Wilson") is the parent and natural guardian of minor W.D., a student enrolled at Hillcrest Elementary School at all relevant times.

5.      Defendant Boise School District (hereinafter "District" or "BSD") is a public school district operating under Idaho law.

6.      Defendant Hillcrest Elementary School (hereinafter "Hillcrest") is a public school within Boise School District responsible for the supervision and safety of its students.

## IV.  FACTUAL ALLEGATIONS

7.      At all relevant times, W.D. was a minor elementary school student enrolled at Hillcrest.

8.      During school hours, Hillcrest provided a bathroom accessible to students during lunch and breaks.

9.      The administration at Hillcrest and presumably the District had actual knowledge, prior to the assaults on minor W.D., that there were reports of students sexually assaulting and/or

harassing other students in the bathrooms at Hillcrest, including a reported sexual assault of a separate minor by another student in the year or so preceding the sexual assault of minor W.D.

10.     Upon information and belief, Hillcrest used to have a duty, teacher or SRO supervising the bathroom to prevent incidents but allegedly chose to stop supervising the restroom despite reported incidents.

11.     In addition, upon information and belief, the administration at Hillcrest and the District were aware that the assailant student in question had a documented history of aggressive behavior, bullying, and sexualized conduct toward other students, which had been previously reported to school staff and administration.

12.     Despite these reports, Defendants:

- Failed to increase supervision of the assailant;

- Allowed the assailant unsupervised access to bathrooms;

- Failed to implement safety or monitoring procedures; and

- Failed to notify or warn parents of the known danger.

13.     As a result, on several occasions during the school year W.D. was sexually assaulted in a school bathroom by the assailant student during school hours.

14.     At the time of the assaults, no school staff were monitoring bathroom access, escorting students, or supervising the area, despite prior disciplinary incidents involving the assailant.

15.     Eventually, W.D. reported the sexual assaults to Wilson after the District transferred the assailant student from the school district. Upon information and belief, the assailant student was known to Hillcrest as a troublemaker.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

16.     W.D. reported to W.D's mother that on one occasion the principal went into the bathroom and yelled "is anyone in here" and the assailant student ran out of the bathroom stall. W.D. reported that the principal did not further check on W.D. or follow up regarding the incident, which allowed additional incidents to occur.

17.     Wilson immediately called the front desk at Hillcrest, called the counselor and sent an email, called the District secretary and principal. It took Defendants more than 24-hours to get a call back. When Wilson received a call back all she received were sympathies and offers of resources to get W.D. into therapy.

18.     Wilson was forced to contact the Boise Police Department herself to report the sexual assault to open an investigation.

19.     It is unknown whether the District even initiated a Title IX investigation as required, or made any mandatory reports, also as required.

20.     Defendants further downplayed, delayed reporting, and minimized the incident, causing additional trauma to W.D. and W.D.'s family.

21.     As a direct and proximate result, W.D. has suffered severe emotional distress, psychological harm, loss of educational access, and ongoing trauma requiring therapy and medical treatment.

22.     Following Wilson's report, a parent came forward and reported that her minor daughter had also been the victim of student on student sexual assault in the bathrooms at Hillcrest resulting in a criminal investigation and that the Defendants were well aware of the potential issues with the bathrooms. The parent was extremely distressed that Hillcrest and the District had not taken steps to monitor the bathroom to prevent further incidents.

## V.    CLAIMS FOR RELIEF

### COUNT ONE

TITLE IX (20 U.S.C. § 1681)
(Against Boise School District and Hillcrest Elementary)

23.    Plaintiffs hereby reallege the allegations contained in all preceding paragraphs of this Complaint as set forth above, and incorporates the same herein by reference.

24.    Defendants had actual knowledge of sexual harassment and risk of harm to W.D in the bathrooms at Hillcrest.

25.    Defendants acted with deliberate indifference by failing to take corrective or protective measures.

26.    As a result, W.D. was subjected to a hostile educational environment.

27.    Defendant BSD is a recipient of federal financial assistance within the meaning of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and is therefore prohibited from discriminating on the basis of sex in its education programs and activities.

28.    At all relevant times, W.D. was a participant in and beneficiary of Defendants' education programs and activities.

29.    W.D. was subjected to sexual harassment and sexual assault by another student while on school premises and/or during school-supervised activities.

30.    The sexual assault and harassment experienced by W.D. were so severe, pervasive, and objectively offensive that they deprived W.D. of access to educational opportunities and benefits, including but not limited to:

    (a)    emotional trauma;

    (b)    inability to attend or concentrate in school;

(c)     academic decline; and

(d)     withdrawal from school activities.

31.     Prior to and/or after the assault, Defendant BSD had actual knowledge of:

(a)     prior reports, complaints, or incidents of sexualized or aggressive conduct by the perpetrator; and/or

(b)     W.D.'s report(s) that they were being harassed, targeted, or assaulted.

32.     The notice of such conduct was provided to an appropriate person with authority to take corrective action on behalf of the District, including school administrators, principals, counselors, Title IX coordinators, teachers, or other designated officials.

33.     Despite having actual knowledge of the sexual harassment and assault, Defendants acted with deliberate indifference, in that its response (or failure to respond):

(a)     was clearly unreasonable in light of the known circumstances;

(b)     failed to implement reasonable supervision or safety measures;

(c)     failed to separate or monitor the known perpetrator;

(d)     failed to investigate, discipline, or intervene; and/or

(e)     failed to follow required Title IX reporting, response, and protective procedures.

34.     Defendants' deliberate indifference caused W.D. to be subjected to further harassment and/or placed W.D. at continued risk of harm, and was a substantial factor in allowing the sexual assault and resulting injuries to occur.

35.    As a direct and proximate result of Defendants' deliberate indifference, W.D. suffered physical, emotional, psychological, educational, and developmental harm, and continues to experience trauma, anxiety, depression, educational disruption, and other ongoing damages.

36.    Plaintiff is entitled to recover compensatory damages, including damages for emotional distress, loss of educational access, medical and counseling expenses, and all other damages permitted under Title IX.

## **COUNT TWO**

### 42 U.S.C. § 1983 – FAILURE TO PROTECT / SUBSTANTIVE DUE PROCESS
(Against All Defendants)

37.    Plaintiffs hereby reallege the allegations contained in all preceding paragraphs of this Complaint as set forth above, and incorporates the same herein by reference.

38.    The District and its employees were at all times acting under the color of state law.

39.    W.D. had a constitutional right to bodily integrity.

40.    Defendants knew or had actual knowledge of prior reported student on student sexual assaults in the bathrooms at Hillcrest and of the specific, substantial risk that failing to monitor or put in place policies regarding the bathrooms posed to students.

41.    Defendants failed to take reasonable steps to prevent the harm, resulting in W.D. being sexually assaulted in the bathrooms on several occasions.

42.    Defendants' conduct shocks the conscience and demonstrated deliberate indifference to a known, serious risk.

COMPLAINT AND DEMAND FOR JURY TRIAL - 8

## COUNT THREE

NEGLIGENCE
(Against All Defendants)

43.    Plaintiffs hereby reallege the allegations contained in all preceding paragraphs of this Complaint as set forth above, and incorporates the same herein by reference.

44.    During school hours, Defendants assume custody of students like W.D. limiting Wilson's ability to protect W.D.

45.    Defendants owed a duty of reasonable care to protect students from foreseeable harm.

46.    As set forth in detail herein, the District, through its staff, failed to act as a reasonably prudent employee would under the circumstances by, among other things, inadequately supervising the hallways and bathrooms, ignoring reports of bullying or aggressive conduct, failing to separate known aggressors from vulnerable students and failing to follow mandatory reporting or safety policies.

47.    The assaults on W.D. were foreseeable given prior reports of a similar nature concerning the bathrooms, creating an obvious risk.  In addition, Hillcrest personnel were aware of the dangerous propensity of the assailant student.

48.    If adequate supervision, policies or intervention had occurred, the assault on W.D. likely would have been prevented.

49.    W.D. suffered actual harm including physical injury and emotional and psychological trauma.

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

## COUNT FOUR

NEGLIGENT SUPERVISION
(Against All Defendants)

50.     Plaintiffs hereby reallege the allegations contained in all preceding paragraphs of this Complaint as set forth above, and incorporates the same herein by reference.

51.     At all relevant times, Defendant BSD owed a duty of reasonable care to provide proper supervision of students in its custody and to take reasonable steps to protect students from foreseeable harm, including harm caused by other students.

52.     During school hours, minor students are compelled to attend school and are placed under the care, custody, and control of the District and its employees, thereby limiting students' ability to protect themselves and increasing the responsibility placed upon the District to act with reasonable care.

53.     At all relevant times, Defendants, and each of them, knew or should have known that unsupervised or inadequately supervised areas of the school posed a foreseeable risk of harm to students, including the risk of physical or sexual assault.

54.     Prior to the assault on W.D., Defendants had actual and/or constructive notice of the dangerous conditions and behaviors that created a substantial risk of harm to W.D., including, but not limited to:

- prior complaints or reports of aggressive, violent, or inappropriate conduct by the perpetrator;

- prior incidents of bullying, harassment, or misconduct occurring in the same location; and/or

- known lack of supervision or failure to monitor the area where the assault occurred.

COMPLAINT AND DEMAND FOR JURY TRIAL - 10

55.     Despite such notice, Defendants failed to take reasonable steps to prevent or reduce the risk of harm to W.D., including but not limited to:

- failing to provide adequate supervision in the area where the assault occurred;
- failing to monitor students during transitions, breaks, recess, or restroom access;
- failing to enforce safety and anti-bullying policies; and
- failing to separate students known to pose risks from vulnerable students.

56.     The assault and resulting harm to W.D. were reasonably foreseeable outcomes of Defendants' failure to supervise and failure to take reasonable protective measures.

57.     As a direct and proximate result of Defendants' negligent supervision, W.D. suffered severe harm, including physical injury, emotional trauma, mental anguish, pain and suffering, loss of enjoyment of life, and the need for medical and psychological treatment. These damages are ongoing and may continue into the future.

58.     W.D. is entitled to recover general and special damages in an amount to be proven at trial, including medical expenses, counseling expenses, and all other damages allowed by law.

## **COUNT FIVE**

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

59.     Plaintiffs hereby reallege the allegations contained in all preceding paragraphs of this Complaint as set forth above, and incorporates the same herein by reference.

60.     Defendants' conduct foreseeably caused severe emotional harm to W.D. and W.D.'s parent.

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

61.     At all relevant times, Defendant BSD owed a duty of reasonable care to supervise students in its custody and to take reasonable steps to protect them from foreseeable harm, including emotional and psychological harm arising from physical or sexual assault.

62.     Students, including W.D., are required by law to attend school and are thereby placed under the care, custody, and control of the District and its employees during school hours. As a result, the District owes a heightened duty to protect students from foreseeable harm because students cannot independently protect themselves in that environment.

63.     Prior to the assault on W.D., Defendants knew or reasonably should have known that the area where the assault occurred was inadequately supervised and posed a foreseeable risk of student-on-student harm, including bullying, harassment, and assault.

64.     Defendants further knew or should have known of prior incidents, complaints, behavioral warnings, or other indicators demonstrating that the perpetrating student posed a risk of harm to other students, including W.D.

65.     Despite such knowledge, Defendants failed to take reasonable steps to supervise students, enforce safety rules, monitor known high-risk areas, separate students presenting known risks, or otherwise protect W.D. from foreseeable harm.

66.     As a direct and proximate result of Defendants' negligent supervision and failure to protect, W.D. was assaulted on school premises.

67.     The assault caused severe emotional distress to W.D., including but not limited to:

- fear, anxiety, and psychological trauma;
- emotional shock and distress during and after the assault;
- nightmares, regression, withdrawal, depression, and behavioral changes; and
- disruption of educational, social, developmental, and daily functioning.

COMPLAINT AND DEMAND FOR JURY TRIAL - 12

68.     W.D.'s emotional distress was reasonably foreseeable, is serious, and has manifested in measurable symptoms requiring medical, psychological, and counseling treatment.

69.     Defendants' conduct was a substantial factor and proximate cause of W.D.'s emotional injuries.

70.     As a result, W.D. has incurred and will continue to incur medical, counseling, and related expenses, and has suffered pain, suffering, humiliation, inconvenience, emotional anguish, loss of enjoyment of life, and other general and special damages in an amount to be proven at trial.

71.     W.D. is entitled to recover all such damages from Defendants according to proof.

72.     Additionally, as the parent and natural guardian of W.D., Wilson has suffered and continues to suffer emotional distress resulting from witnessing, learning of, and responding to the harm inflicted on their child, and has incurred medical and counseling expenses on behalf of the child.

73.     Wilson is entitled to recover for emotional distress and financial losses, including medical and counseling expenses.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for Judgment, Order and Decree of this Court as follows:

1.     Compensatory damages in an amount to be proven at trial;

2.     Attorney fees under 42 U.S.C. § 1988 and Title IX;

3.     Costs of suit;

4.     Injunctive relief requiring safety protocol and staff training; and

5.     For such other and further relief as court deems just and necessary.

## VII.    <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand trial by jury on all issues so triable.

Dated:  March 12, 2026                    ROSHOLT LAW, PLLC

By _____

Andrea J. Rosholt, ISB No. 8895
Attorneys for Plaintiffs