UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KATHERINE WILSON, individually and on behalf of minor child W.D.,

Plaintiff,

v.

BOISE SCHOOL DISTRICT and HILLCREST ELEMENTARY SCHOOL,

Defendants.

Case No. 1:26-cv-00137-AKB

**MEMORANDUM DECISION AND ORDER**

Pending before the Court are Defendants Boise School District and Hillcrest Elementary School's Motion to Dismiss (Dkt. 8) and Motion for Sanctions Pursuant to Rule 11 (Dkt. 9). Having reviewed the record and the parties' submissions, the Court finds the facts and legal arguments adequately presented and decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); Fed. R. Civ. P. 78(b). For the reasons explained below, the Court grants the motion to dismiss as to Hillcrest and denies the motion for sanctions.

## I. BACKGROUND

Plaintiff Katherine Wilson brings this action individually and on behalf of her minor child, W.D. Plaintiff alleges that another student sexually assaulted W.D. in a bathroom at Hillcrest Elementary School and that school officials failed to respond adequately to known risks of student-on-student misconduct (Dkt. 1 at 2–5). The Complaint names Boise School District (the District) and Hillcrest Elementary School (Hillcrest) as Defendants and asserts claims under Title IX, 42 U.S.C. § 1983, and Idaho negligence law (Dkt. 1 at 3, 6–12).

Defendants move to dismiss Hillcrest because it lacks independent capacity to be sued (Dkt. 8-1 at 2–3). Although the motion itself requests dismissal of all claims against both Defendants (Dkt. 8 at 1), the supporting memorandum challenges only Hillcrest's status as a

proper party, and the reply confirms that Defendants do not seek dismissal of the claims against the District (Dkt. 17 at 3). Plaintiff disputes Defendants' interpretation of Idaho law but does not oppose dismissal of Hillcrest if the Court determines it is not a proper defendant (Dkt. 15 at 3–4). Defendants separately seek attorney fees and costs under Rule 11, asserting that Plaintiff's counsel failed to remove Hillcrest after receiving notice of the alleged error (Dkt. 9-1 at 2–4).

## II. LEGAL STANDARD

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a complaint fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires only a short and plain statement of the claim, showing the plaintiff is entitled to relief and giving the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a Rule 12(b)(6) motion, a claim requires a complaint to have enough factual basis which, if true, states a plausible claim for relief. *Twombly*, 550 U.S. at 555. A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw a reasonable inference the defendant is liable for the alleged misconduct. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

A party's capacity to sue or be sued is governed by Rule 17(b). For entities other than individuals and corporations, capacity is ordinarily determined "by the law of the state where the

court is located," subject to exceptions not relevant here. Fed. R. Civ. P. 17(b)(3); *see Streit v. County of Los Angeles*, 236 F.3d 552, 565–66 (9th Cir. 2001).

## III. ANALYSIS

### A. Motion to Dismiss

The capacity of a governmental subdivision to be sued independently depends on whether the law recognizes it as a separate legal entity. *See Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995) (declining to treat a multijurisdictional task force as a suable entity absent evidence of separate legal status); *cf. Streit*, 236 F.3d at 565–66 (holding that a sheriff's department was separately suable under California law). Applying this distinction, courts have held that individual public schools are not independent entities capable of being sued apart from their school districts. *See Doe ex rel. Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1583 (N.D. Cal. 1993); *Daniels v. Saddleback Valley Unified Sch. Dist.*, No. 8:24-cv-00546-SSS (MAR), 2024 WL 4784910, at *7 (C.D. Cal. Nov. 8, 2024). Similarly, this District has held that a municipal police department lacking independent legal status cannot be sued separately from the city that operates it. *Duarte v. City of Nampa*, No. CV 06-480-S-MHW, 2007 WL 1381784, at *3–4 (D. Idaho Mar. 13, 2007).

Idaho law establishes school districts as distinct governmental entities; Idaho Code § 33-301 declares that each validly organized school district "is declared to be a body corporate and politic, and in its corporate capacity may sue and be sued." Further, the school district is responsible for "maintaining the schools within its particular territory" and for managing the funds and property devoted to public education. *Indep. Sch. Dist. No. 1 v. Common Sch. Dist. No. 1*, 56 Idaho 426, 55 P.2d 144, 146 (1936). The district, rather than each school it operates, possesses corporate status, has capacity to sue and be sued, and is responsible for maintaining schools and administering educational resources.

Here, Plaintiff expressly alleges that Hillcrest "is a public school within Boise School District" (Dkt. 1 at 3, ¶ 6). Although Plaintiff correctly notes that § 33-301 does not expressly prohibit suits against individual schools, she identifies no Idaho statute or other authority granting Hillcrest legal status or capacity independent of the District. Plaintiff also cites other lawsuits in which individual schools were named, allegedly without a comparable challenge, but those proceedings do not establish that Hillcrest is or was a proper party or that Hillcrest has independent legal capacity (Dkt. 15 at 4). Nor does Hillcrest fall within the Rule 17(b)(3)(A) exception for voluntary, unincorporated associations seeking to enforce federal rights. *See Duarte*, 2007 WL 1381784, at *3. On the authorities presented, Hillcrest is a constituent school of the District, not a separate governmental entity. It therefore lacks capacity to be sued in its own name and no set of factual allegations will cure that defect.

Accordingly, Hillcrest is dismissed as a Defendant with prejudice. The Court does not dismiss any claims against the District, and it expresses no view on the substantive sufficiency of those claims. To the extent the motion requests dismissal of the District or the action in its entirety, it is denied.

**B. Motion for Rule 11 Sanctions**

A Rule 11 sanctions motion must be made separately from other motions and served under Rule 5, but it "must not be filed or be presented to the court" if the challenged contention is withdrawn or corrected "within 21 days after service" or another period set by the court. The Ninth Circuit requires service of the sanctions motion itself; informal warnings do not satisfy the rule. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("[W]arnings were not motions, however, and the Rule requires service of a motion."). Compliance with the safe-harbor requirement is mandatory. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001); *see also Firkins v. TitleOne Corp.*, No. 1:10-CV-110-BLW, 2011 WL 2604725, at *3–4 (D. Idaho June 30, 2011).

Defendants rely on an email in which counsel advised Plaintiff that Hillcrest was not a proper party and asked Plaintiff to amend the Complaint to avoid the expense of a motion to dismiss (Dkt. 9-1 at 2; Dkt. 9-2 at 5). Counsel's declaration identifies March 17, 2026, as the date of that request, although the attached email is dated March 16, 2026 (Dkt. 9-2 at 1–2, 5). The motion for sanctions was filed April 6, 2026 (Dkt. 9 at 1). Thus, using the March 17 date represented in Defendants' declaration, only 20 days elapsed before filing. More importantly, however, under either date the email does not reflect service of a Rule 11 motion, and the record does not otherwise support such a finding—which is mandatory. Defendants requested an amendment to avoid a motion to dismiss but have not shown they provided Plaintiff with the sanctions motion required by Rule 11(c)(2).

Such informal notice does not satisfy the safe-harbor requirement, notwithstanding Plaintiff's failure to amend the Complaint. *See Barber*, 146 F.3d at 710; *Firkins*, 2011 WL 2604725, at *3–4. The Court therefore denies the sanctions motion without reaching whether naming Hillcrest was objectively unreasonable under Rule 11(b). Defendants identify no independent basis for the attorney fees and costs also requested in their memorandum supporting dismissal (Dkt. 8-1 at 3), so that request is denied as well.

## IV. ORDER

**IT IS ORDERED that**:

1. Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED**, and Hillcrest Elementary School is **DISMISSED** from this action with prejudice. Plaintiff's claims against Boise School District remain pending.

2. Defendants' Motion for Sanctions Pursuant to Rule 11 (Dkt. 9) is **DENIED**.

DATED: November 19, 2026

Amanda K. Brailsford
U.S. District Court Judge